SEABOARD DEVELOPMENT CORPO-
RATION, Appellant,

v.

Stewart BAINUM, Appellee.

No. 1915.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 14, 1957.

Decided March 4, 1957.

Isadore Brill, Washington, D. C., with whom Irving B. Yochelson and Solomon Grossberg, Washington, D. C., were on the brief, for appellant.

Albert Z. Hodge, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant corporation, plaintiff below, was formed in 1952 for the purpose of constructing and operating a seaside motel. Defendant, who was vice president and held stock in the corporation, performed the actual construction through a company owned by him. As an officer, defendant had authority to draw checks against the account of the corporation, and it was the practice for him to pay the costs of construction as they occurred by drawing checks in its name. He also drew checks against the account for his personal use, and was supposed to deposit funds later to cover such items. Records of the transactions between the parties were kept by the secretary of the corporation, who was employed by defendant.

In 1955 the corporation purchased all its outstanding stock except that of its president. The records, which were at that time in the possession of defendant, were turned over to the corporation. An initial audit indicated a balance in favor of plaintiff of $1,550. Defendant produced a canceled check drawn by him for $350 payable to plaintiff, for which no entry had been made in the records. Plaintiff credited defendant with this amount, thus reducing the difference to $1,200. However, when defendant produced other checks also payable to plaintiff, he was refused credit for them appar-

ently because they were not noted in the records.

Plaintiff then brought an action on account, setting forth in a bill of particulars a summary of the figures disclosed by the audit, showing a balance due of $1,200. The answer was a denial of any indebtedness. At trial plaintiff introduced the records and presented testimony of an auditor that on the basis of such records defendant owed plaintiff the amount in question. Defendant offered in evidence the checks for which he had been denied credit, not, he claimed, for the purpose of affirmatively proving actual payment of the various sums indicated on the instruments, but in order to impeach the accuracy of the records on which plaintiff relied. The checks were endorsed in the name of the corporation "for deposit only," and were marked "paid" by various banks on dates which fell during the interval in which the transactions in question took place. Their total was more than sufficient to extinguish defendant's alleged debt. Counsel for plaintiff admitted that the checks were in fact deposited to the corporate account but neither party offered any evidence to show whether the checks were payments on the instant account or not. Over objection the trial court admitted the checks and ultimately entered judgment for defendant, after denying a motion for a new trial, upon a finding that plaintiff had not carried the burden of proof.

On appeal, plaintiff's principal contention is that the trial court erred in admitting the checks into evidence, because they created an inference of payment by defendant; and since payment is an affirmative defense, the burden should be on defendant to show that the checks were given in connection with the apparent indebtedness arising out of the account in question. Defendant takes the position that the checks were used for im-

peachment purposes only; they were not to be regarded as evidence of payment, but only to establish an inconsistency or contradiction in the records, for which plaintiff had the burden of explanation.

█ It is unnecessary for us to rule on defendant's contention, however, for we think that plaintiff is clearly mistaken in its. As stated in 40 American Jurisprudence, Payment, § 288, the general rule with respect to a canceled check regularly endorsed is that it

"* * * is presumptive evidence that its amount was paid to the payee on account of a debt shown to have existed at that time, and the check cannot be excluded on the ground that it belongs to a different transaction, until the presumption is overcome by proof." [1]

Such evidence is admissible in an action on account even though payment has not been affirmatively alleged[2] and the burden is on plaintiff to explain the absence of an entry which would reflect the credit.[3]

█ In the instant case, the checks were endorsed, deposited to plaintiff's account, and payment made by the drawee bank during the period when the account was open. Thus, defendant was entitled to a presumption of payment and, contrary to plaintiff's argument, the burden was on it to demonstrate that the checks were not given in order to discharge the instant debt. Plaintiff never offered any evidence on this point, and accordingly the trial judge was correct in his view that plaintiff had not sustained its burden of proof.

We find no merit in plaintiff's other allegations of error.

Affirmed.

1. See also Bensinger v. West, Ky.1953, 255 S.W.2d 29, 35 A.L.R.2d 1296.

2. Bensinger v. West, supra, 255 S.W.2d at pages 32–33.

3. Keller v. Porta, 1953, 172 Pa.Super. 651, 94 A.2d 140, 143.